IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY LYNN THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-CV-2616-O (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ricky Lynn Thompson brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. For the following reasons, the District Court should REVERSE the Commissioner's decision.

**Background**

Plaintiff alleges that he is disabled due to bipolar disorder, depression, learning disabilities, and high blood pressure. After his applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on November 23, 2010. At the time of the hearing, Plaintiff was 44 years old. He has less than a high school education and past work experience as a construction worker, day laborer, janitor, machine worker, and painter. Plaintiff has not engaged in substantial gainful activity since June 1, 2002.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from essential hypertension, bipolar disorder, depressive disorder, and a learning disability, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform the full range of simple work at all exertional levels and was capable of returning to his past relevant employment. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

 (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

 (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

 (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

 The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

 The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The

reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Issues

Plaintiff's appeal raises the following issues:

1. Whether the ALJ properly analyzed Plaintiff's mental impairments with respect to Listing 12.05C; and

2. Whether the ALJ properly analyzed evidence of Plaintiff's global assessment of functioning ("GAF") scores.

### Analysis

Plaintiff challenges the ALJ's finding at Step 3 of the sequential evaluation analysis that he does not meet or equal the requirements of Listing 12.05C, pertaining to mental retardation. (*See* Tr. at 18). In order to meet Listing 12.05C, a claimant must establish three criteria:

(1)  significant subaverage intellectual functioning with deficits in adaptive functioning which initially manifested before age 22; and

(2)  a valid I.Q. score of 60 to 70; and

(3)  a physical or other mental impairment imposing additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; *see also Randall v. Astrue*, 570 F.3d 651, 659-60 (5th Cir. 2009); *Arce v. Barnhart*, 185 Fed.Appx. 437, 2006 WL 1765899 at *1 (5th Cir. Jun. 22, 2006).

The ALJ determined that Plaintiff does not have a mental impairment or combination of impairments that meets or medically equals the requirements of Listing 12.05C. (Tr. at 17, 18). The ALJ's stated reason for this finding was that Plaintiff "does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and

for doing so. *Stanard v. Astrue*, No. 11-6090-AA, 2012 WL 775270, at *7-8 (D. Or. Mar. 5, 2012) (ALJ committed reversible error in failing to provide legally sufficient reasons for rejecting evidence that plaintiff's valid verbal IQ score of 70 did meet or equal Listing 12.05C). Here, the ALJ failed to provide any reasons for rejecting evidence that plaintiff's IQ scores satisfied the second requirement of Listing 12.05C.

Further, the ALJ found that Plaintiff's bipolar disorder, depressive disorder, learning disability, and hypertension were all severe impairments. (Tr. at 16). This finding satisfies the third requirement under 12.05C, that the claimant have a physical or other mental impairment that imposes an additional and significant work-related limitation of function. *See Bailey v. Astrue*, 2011 WL 4048394, at *4 (N.D. Tex. Sep. 12, 2011) (NO. 3-10-CV-1187-BD. (Listing 12.05C "additional impairment" requirement satisfied by proof of a "severe" impairment as defined at Step 2 of the sequential evaluation analysis). Indeed, the Commissioner does not argue otherwise. *See* Def. Br. at 5-6, n.2 (tacitly conceding Plaintiff had other physical or mental impairment). Thus, the ALJ's stated reasons for concluding that Plaintiff does not satisfy the requirements of Listing 12.05C are not supported by substantial evidence.

The Commissioner argues that any error by the ALJ is harmless because the record does not contain evidence of deficits in adaptive functioning which initially manifested before age 22. To the contrary, the record reveals that Plaintiff is illiterate. (*See* Tr. at 236). He attended school only until the 8th grade and was in special education classes. (*Id.* at 33, 235). His reading, spelling, and math abilities are only on the first or second grade level. (*Id.* at 236). He cannot read or write well enough to fill out a job application. (*Id.* at 237). He can shop and make simple change, but he makes basic errors while counting and has to use his fingers. (*Id.*). He has poor memory and expressive

6

vocabulary and very poor practical judgment, commonsense, and abstract reasoning. Plaintiff relies on friends and family members to help him pay his bills. (*Id.* at 36). Although the Commissioner criticizes Plaintiff for failing to identify a formal diagnosis of mental retardation or the results of IQ testing conducted before age 22, there is a substantial body of case law which holds that a claimant need not present such evidence to meet the requirements of Listing 12.05C. *See Adams v. Astrue*, No. 4-10-CV-0216-BD, 2011 WL 2550772, at *3 (N.D. Tex. June 27, 2011) (citing cases). In fact, there is a presumption that IQ remains stable over time. *Id.*; *see also Pritchett v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-00309-BF, 2012 WL 1058123, at *8 (N.D. Tex. Mar. 29, 2012). In view of all the evidence, the hearing decision must be reversed so the Commissioner can evaluate, in the first instance, whether Plaintiff meets or equals the requirements of Listing 12.05C under the correct legal standard. *Pritchett*, 2012 WL 1058123, at *9 (remand required where ALJ failed to apply the appropriate legal standard in finding that plaintiff's impairments did not meet or equal Listing 12.05C); *Adams*, 2011 WL 2550772, at *3 (remand required where record contained strong evidence of mental retardation and improper reliance by the ALJ on lack of IQ testing before age 22).[1]

## RECOMMENDATION

The Court recommends that the District Court REVERSE the final decision of the Commissioner and REMAND this case for further proceedings consistent with this opinion.

SO RECOMMENDED, September 13, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).